RECEIVED

MAR - 6 2018

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____Kea_____

Rec# 54635058501

5:18-cv-0284

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

Clinton Strange,

Plaintiff

v.

The Giving Days Foundation, Inc.,

Defendant

Civil Action:

Complaint for the Violations of the:

**Telephone Consumer Protection Act 47 U.S.C. § 227**

)
)
)
DEMAND FOR JURY TRIAL

)

)

)

Preliminary Statement;

This is an action brought by an adult individual against Defendant The Giving Days Foundation, Inc. for violations of THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), under U.S. Federal Statutes:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

)

)

)

Jurisdiction of this court arises under:

47 U.S.C. § 227(g)(2)

Venue lies properly in this district pursuant to 28 **U.S.C. § 1391**

)

)

PARTIES:

Plaintiff is an adult individual residing at 7021 Winburn Drive, Greenwood, LA 71033 within the Western District of Louisiana.

Defendant The Giving Days Foundation, Inc. is a Domestic non- profit whose principal place of business and registered agent are both listed as:

Faisuly Reynolds CFO

The Giving Days Foundation, Inc.

1717 West Orangewood Avenue

Suite H

Orange, CA 92868

Factual Allegations:

1. Plaintiff has no Established Business Relationship "EBR" with the Defendant.

2. Plaintiff never consented to be contacted by the Defendant by any means.

3. Plaintiff has repeatedly requested "to be removed from" the Defendant's call list.

4. The Defendant originally began calling the Plaintiff's cell phone (318-780-8946) in about January 2018 regarding "credit repair".

5. The phone number on the caller ID was for all calls made on behalf of the Defendant was 888-634-1879.

6. Some of the phone calls were abandoned by the outbound call center.

7. All the calls made by the Defendant to the Plaintiff were made using an automated system.

8. A copy of the company's do-not-call policy was never delivered to Plaintiff as requested.

9. The pre-recorded messages did not identify what the name of the company was.

10. The Giving Days Foundation has a "marketing division" that offers Credit repair in exchange for "donations".

11. Faisuly Reynolds is listed as the CEO of The Giving Days Foundation, Inc. according to the California Secretary of State.

12. The Giving Days Foundation is a Domestic Non-Profit Corporation.

13. The Giving Days Foundation has a Facebook page which lists an address of:

1815 East Heim Avenue

Orange, CA 92865

14. According to The California Secretary of State's office; there is a registered corporation named The Giving Days Foundation, Inc. with an address of:

1717 West Orangewood Avenue Suite H

Orange, CA 92868


15. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

)

)


Count 1:

(Plaintiff v. The Giving Days Foundation, Inc.)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

3. At all times pertinent hereto, Plaintiff was a "person" as that term is defined under:

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

4. Pursuant to:

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)**

   **Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal laws referenced herein.

5. Defendant is liable to the Plaintiff for the full amount of actual, statutory, and punitive damages, along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

6. 15 U.S.C. § 6106(4) defines more clearly how a non-profit corporation cannot behave by law as an exempt entity.

)

)

)

)

Jury trial Demand;

Plaintiff demands trial by jury on all issues so triable.

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

Actual Damages;

Statutory Damages;

Punitive Damages;

Costs and reasonable attorney's fees pursuant to:

$$15 \text{ U.S.C. § } 6104(d)$$

$$\&$$

$$47 \text{ U.S.C. § } 227$$

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

x _[signature]_  03/06/2018

Clinton Strange

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-780-8946