Case 5:18-cv-00284-EEF-KLH   Document 5   Filed 03/20/18   Page 1 of 12 PageID #: 27

**RECEIVED**

MAR 2 0 2018



IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

CLINTON STRANGE,

Plaintiff

CASE No. 5:18-CV-00284-EEF-KLH

v.

FIRST AMENDED COMPLAINT

THE GIVING DAYS FOUNDATION, INC.;

&

HELPING THE WORLD LLC,

Defendants

Civil Action:

Complaint for the Violations of the:

Telephone Consumer Protection Act 47 U.S.C. § 227

)
)
)
DEMAND FOR JURY TRIAL

)

)

)

Preliminary Statement;

This is an action brought by an adult individual against Defendant The Giving Days Foundation, Inc. and Helping the World LLC for violations of THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA"), under U.S. Federal Statutes:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

**Telephone Consumer Protection Act 47 U.S.C. § 227 (f)**

)

)

)

Jurisdiction of this court arises under:

**47 U.S.C. § 227(g)(2)**

Venue lies properly in this district pursuant to 28 **U.S.C. § 1391**

)

)

PARTIES:

Plaintiff is an adult individual residing at 7021 Winburn Drive, Greenwood, LA 71033 within the Western District of Louisiana.

Defendant The Giving Days Foundation, Inc. is a Domestic non- profit whose principal place of business and registered agent are both listed as:

Faisuly Reynolds CFO

The Giving Days Foundation, Inc.

1717 West Orangewood Avenue

Suite H

Orange, CA 92868

Defendant Helping the World LLC is a Domestic for-profit LLC domiciled and registered according to the California Secretary of State's Office as of 3-15-2018 and whose Registered Agent and CEO are listed as:

Max Herrera

1717 West Orangewood Avenue

Suite H

Orange, CA 92868

Factual Allegations:

1. Plaintiff has no Established Business Relationship "EBR" with the Defendants.

2. Plaintiff never consented to be contacted by the Defendants by any means.

3. Plaintiff has repeatedly requested "to be removed from" the call list pertaining to Defendant The Giving Days Foundation, Inc. at least 2 times verbally, and 2 times in mailings through the U.S. Mail, and once through an online contact form (Exhibit K) with MyCreditScoreWatcher.com which is a "marketing division" of The Giving Days Foundation, Inc.

4. The Defendants originally began calling the Plaintiff's cell phone (318-780-8946) in about January 2018 regarding "credit repair" and "credit webinars" from both Defendants respectively.

5. The phone number on the caller ID was for all calls made on behalf of the Defendant The Giving Days Foundation Inc. was 888-634-1879, and 866-937-3225.

6. Some of the phone calls were abandoned by the outbound call center as they relate to Defendant The Giving Days Foundation Inc.

7. All the calls made by the Defendants to the Plaintiff were made using an automated system with the exception of one phone call placed 3-14-2018 from The Giving Days Foundation, Inc. that was a result of an online contact form Plaintiff sent to Ray Reynolds or one of his websites advising that as of that unknown date the TCPA violations exceeded $20,000, and to "please stop calling before digging yourself into too deep of a hole" or words to that effect including attachments of the call logs (as of that date which have subsequently had calls added to them) in Exhibits A & B respectively in computer electronically printed font and subsequently hand scribbled entries.

8. A copy of the company's do-not-call policy was never delivered to Plaintiff as requested by either of the 2 Defendants. Plaintiff concedes that he could only charge that violation of the TSR to Defendant The Giving Days Foundation, Inc. due to Ray Reynolds and the ATDS calls made to plaintiff's cell phone never gave him an option of requesting a Do-Not-Call policy in violation of the TSR as mandated and regulated by the United States Federal Trade Commission.

9. The pre-recorded messages did not identify what the name of the company was that was calling in violation of the Telemarketer Sales Rules "TSR" as regulated and mandated by the United States Federal Trade Commission "FTC". This statement applies to both Defendants.

10. The Giving Days Foundation, Inc. has a "marketing division" that offers Credit repair in exchange for "donations" as evidenced by emailed documents from "Jan Doe" who is a "Jane Doe" employee of "mycreditscorewatcher.com", and whose company e-mail address is jan@mycreditscorewatcher.com ;

As evidenced in Exhibit C:

E-Mail documents from Jan@MyCreditScoreWatcher.com a "marketing division" of Defendant The Giving Days Foundation, Inc.:

   a. enrollment application

   b. Limited Power of Attorney Form

   c. Credit Card Authorization form

11. Faisuly Reynolds is listed as the CEO of The Giving Days Foundation, Inc. according to the California Secretary of State.

12. The Giving Days Foundation is a Domestic Non-Profit Corporation.

13. The Giving Days Foundation has a Facebook page which lists an address of:

1815 East Heim Avenue

Orange, CA 92865

14. According to The California Secretary of State's office; there is a registered corporation named The Giving Days Foundation, Inc. with an address of:

1717 West Orangewood Avenue Suite H

Orange, CA 92868

15. At all times pertinent hereto Defendant was acting by and through their agents, servants and / or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

16. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/ or employees was intentional, reckless, and in grossly negligent disregard for Federal Law and State Laws and the rights of the Plaintiff herein.

17. Ray Reynolds is also Known as "aka" to be "The Godfather of Credit"; And offers among other financial and credit structuring products and services a method to build corporate credit for a payment of $3000 to 15,000 or more depending on the needs of the individual.

18. All the calls made to the Plaintiff's cellular telephone (318-780-8946) in regards to Ray Reynolds and or his various schemes and or offerings were made using an automatic telephone dialer system " ATDS" which may have, on information and belief of the Plaintiff, may have had the capacity to and or may have engaged the use of a random sequence number generator.

19. Plaintiff believes that Defendant Helping The World LLC operated the ATDS that contacted the Plaintiff as referenced by the call logs in Exhibits A & B respectively to initiate all or some of the calls made to the Plaintiff from the following phone numbers:

<p style="text-align:center">1-888-634-1879</p>

<p style="text-align:center">&</p>

<p style="text-align:center">1-888-711-2711</p>

, which may at some point bring about the issue of vicarious liability between all the named and yet unnamed Defense parties involved.

20. Plaintiff contends that on the recorded messages made in regard to both Defendants there was not an automated feature to "opt out" from receiving pre-recorded messages from either or any of the aforementioned entities.

21. Defendant The Giving Days Foundation, Inc. markets its "credit repair services" arm to residents nation- wide including consumers in the Western District of Louisiana, and if any successful contracts and or agreements or mises have occurred by a party of either part; then it could easily be argued that The Giving Days Foundation, Inc. through its credit repair division "mycreditscorewatcher.com" regularly conducts or at least promises or insinuates to conduct business within the Western District of Louisiana ; or in the alternative at the least if one party to a contract exists within the borders and or boundaries in the State of Louisiana then it could be argued that the arguments that Defendant might later claim do not apply as to Jurisdiction and Venue of this court where upon this civil action was brought.

22. On March 14, 2018 Regarding the Defendant HELPING THE WORLD LLC according to the California Secretary of State's filing for SOS filing # 201312910438

    a- "Fay Reynoldfs" was listed as the manager of HELPING THE WORLD LLC

    b- Max Herrera is listed as the Registered Agent for the company.

c- The business type in Line Item No.7 is "Warehouse".

d- See exhibit G

e- Fay Reynolds is listed as the CEO of HELPING THE WORLD LLC. ON 3-14-2018.

23. Plaintiff served upon the Defendant The Giving Days Foundation, Inc. on 3-15-2018 using a Registered process server in good standing within the Judicial District in the State of California where the Service of Summons and Complaint in a Civil action at the place of business listed not only with the California Secretary of States office, but also on a business license issued By the City of Orange (see Exhibit D), California which lists the registered agent and address for process of service as in regard to Defendant The Giving Days Foundation, Inc.:

Faisuly / Fay Reynolds

1717 West Orangewood Avenue

Suite H

Orange, CA 92868

24. Max Herrera on the same date as he was newly promoted to the rank of CEO of HELPING THE WORLD LLC issued a fax to the Plaintiff's process server, and instructed him / and the Plaintiff by an [internet] fax sent on 3-15-2018 (Exhibit F) to cease and desist from trying to serve Defendant The Giving Days Foundation, Inc. at that address and further citing a business license to the process server posted "near the entry way" that stated that this premises was leased and controlled by HELPING THE WORLD LLC, and further that this was not The proper place to serve The Giving Days Foundation, Inc. Max Herrera further goes on to state that Plaintiff Clinton Strange committed a Felony, and Fraudulently served the Defendant The Giving Days Foundation, Inc. at said address as referenced on page 2 of Exhibit F.

25. Exhibit L is a listing of 2 business licenses from The City of Orange California Website and their respective details regarding:

A – Defendant The Giving Days Foundation, Inc.

&

B- Defendant HELPING THE WORLD LLC.

26. In accordance with the rules of The United States Federal Trade Commission in Civil Actions that may meet or exceed $50,000 (Fifty Thousand U.S. Dollars) the Plaintiff is required to give the FTC timely notice of any such filings. The Plaintiff has complied with that rule as evidenced in Exhibit I.

27. Exhibit E is the non-official copies of the California Secretary of States office documents and or filings available to the General public for free on the California Secretary of States Website regarding:

a- Defendant The Giving Days Foundation, Inc.

b- Defendant HELPING THE WORLD LLC

   (i)   on 3-14-2018

   (ii)  on 3-15-2018

28. Exhibit J is the United States Internal Revenue Service Exempt Organizations filing for tax-year 2016 for Defendant The Giving Days Foundation, Inc. It lists Ray Reynolds as the contact / person to mail:

Ray Reynolds

PO BOX 11358

WESTMINSTER, CA 92685

29. Exhibit H is the State of California Department of Justice

                     Office of the Attorney General

                     Registrant Information:

  In Re: The Giving Days Foundation, Inc.

    a-  Type:   Public Benefit

    b-  Registration Type: Charity Registration

    c-  Corporate or Organization Number: 3565078


)


Count 1:

(Plaintiff v. The Giving Days Foundation, Inc.)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

**Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)**

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

3. At all times pertinent hereto, Plaintiff was a "person" as that term is defined under:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

4. Pursuant to:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal laws referenced herein.

**Count 2:**

(Plaintiff v. Helping the World LLC)

1. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

2. At all times pertinent hereto, Defendant was a "person" as that term is defined by:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

3. At all times pertinent hereto, Plaintiff was a "person" as that term is defined under:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

4. Pursuant to:

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(a)(iii)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(1)(b)

Telephone Consumer Protection Act 47 U.S.C. § 227 (b)(3)

Telephone Consumer Protection Act 47 U.S.C. § 227 (f)

, Defendant is liable to the Plaintiff for intentionally, willfully, and negligently failing to comply with the requirements of Federal laws referenced herein.

Count 3.
(Plaintiff v. HELPING THE WORLD LLC)

1. Defendant Helping the World LLC's CEO Max Herrera did on 3-15-2018 instruct his employees and acted in his own behalf and on the behalf of the organization to obstruct the Lawful Service of a U.S. District court Judicial Summons (as evidenced in Exhibit F).
2. Max Herrera the CEO did make libel and or defamatory and or slanderous statements both known and unknown to 3rd parties about the character and conduct of the Plaintiff Clinton Strange in a communication published to a 3rd party (Exhibit F). Such published statements and comments as well as accusations harmed Plaintiffs critical relationship with his process server and / or his dispatcher to the point his ability to regularly conduct legal business in The State of California may be forever harmed because process servers, and the companies that dispatched them may lose their trust in Plaintiff Clinton Strange going forward.

3. The California Civil Statutes that the Plaintiff alleges against Defendant HELPING THE WORLD LLC's CEO Max Herrera regarding "Defamation, Liable, or Slander" is covered under:

<div align="center">

California Civil Code Section 44(a);
California Civil Code Section 44(b);
California Civil Code Section 44(c);
California Civil Code Section 44(d);
&
California Civil Code Section 44(e)

</div>

, Regarding the statements made by Max Herrera the CEO as of 3-15-2015 on the date that the Original complaint and Pleading was "served or attempted on" Defendant The Giving Days Foundation, Inc. as evidenced in Exhibit F.

)

)

)

<div align="center">In Closure / Prayers for Relief:</div>

1. Defendants are liable to the Plaintiff for the full amount of actual, statutory, and punitive damages, along with the attorney's fees and cost of litigation, as well as such further relief, as may be permitted by law.

2. 15 U.S.C. § 6106(4) defines more clearly how a non-profit corporation such as that of Defendant The Giving Days Foundation, Inc. cannot behave by law as an exempt entity from the

TSR as mandated and regulated by the FTC.

)

Jury trial Demand;

Plaintiff demands trial by jury on all issues so triable.

Prayer for Relief;

WHEREFORE, Plaintiff seeks judgement in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

Actual Damages;

Statutory Damages;

Punitive Damages;

Trebled Damages;

Enjoinder of the Parties from further violations of these parts;

Costs and reasonable attorney's fees pursuant to:

15 U.S.C. § 6104(d)

&

47 U.S.C. § 227

, and such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

x _____ 3-20-2018

Clinton Strange

Pro-Se

7021 Winburn Drive

Greenwood, LA 71033

318-780-8946